590 A.2d 1185

IN THE MATTER OF KENNETH H. BRESLOW, AN ATTORNEY-AT-LAW.

Argued October 23, 1990—Decided June 7, 1991.

*David E. Johnson,* Director, Office of Attorney Ethics, argued the cause on behalf of the Office of Attorney Ethics.

*John E. Selser, III,* argued the cause for respondent.

PER CURIAM.

The Disciplinary Review Board (DRB) concluded that respondent, Kenneth H. Breslow, knowingly misappropriated client trust funds in three transactions. In two of those matters he forged the client's name, in one instance on both a release and settlement check, and in the other on the settlement check only. In all three cases he invaded the clients' funds, without authorization, for his own purposes. On the strength of *In re Wilson,* 81 *N.J.* 451, 409 *A.*2d 1153 (1979), the DRB recommended that respondent be disbarred.

Before us, respondent does not challenge the DRB's finding of the three instances of knowing misappropriation, which our independent canvass of the record well confirms. Rather, he argues for an exception to *Wilson's* rule of "almost invariable" disbarment. 81 *N.J.* at 453, 409 *A.*2d 1153; *see In re Noonan,* 102 *N.J.* 157, 160, 506 *A.*2d 722 (1986) ("While this

Court indicated that disbarment for knowing misappropriation shall be 'almost invariable,' the fact is that since *Wilson,* it has been invariable."). Recognizing that the *Wilson* rule is based substantially on our conviction that in knowing-misappropriation cases nothing short of disbarment will satisfy the paramount need to preserve public confidence in the integrity of the bench and the bar, see *Wilson, supra,* 81 *N.J.* at 460, 409 *A.*2d 1153, Breslow nevertheless urges us to vacate our November 2, 1983, order temporarily suspending him from the practice of law (his misconduct goes back to 1982) and to permit him to resume practice with certain conditions, including supervision by a proctor. He contends that given his irreproachable conduct since his ethical infractions of eight years ago, our allowing him to practice with conditions and under restraints would in no way undermine public confidence.

Respondent seeks support for his position in our policy towards bar applicants who may have engaged in disqualifying misconduct. He reminds us that

[a] fundamental rule in bar admission cases is that evidence of reform and rehabilitation is relevant to the assessment of an applicant's moral character. Rehabilitation is pertinent because the Court is interested in an applicant's present fitness to practice law. Where evidence convincingly demonstrates reform and rehabilitation, it can overcome the adverse inference of unfitness arising from past misconduct and, if persuasive, present fitness may be found. [*In re Application of Matthews,* 94 *N.J.* 59, 81, 462 *A.*2d 165 (1983).]

■ Any analogy between bar-admission cases and lawyer-disciplinary proceedings, however, is a frail one at best. The most obvious difference, and the one that most clearly justifies differential treatment of the subjects of the two proceedings, is that at the time of his or her past delinquency, the bar applicant was not bound by the solemn oath taken by every attorney and by the strictures of our Rules of Professional Conduct, as every practicing lawyer is. That oath and those Rules cast a different light on otherwise-identical misconduct because the attorney, unlike the applicant, acts in contravention of standards to which he or she has knowingly and affirmatively acceded. The weight to be accorded proof of rehabilitation, then, varies,

depending on whether the transgression occurs before or after admission and, beyond that, depending on the nature of the transgression itself. *See Wilson, supra,* 81 *N.J.* at 460, 409 *A.*2d 1153.

The record in these proceedings does not present any compelling reason to depart from the *Wilson* rule.

Respondent is disbarred. He is ordered to reimburse the Ethics Financial Committee for appropriate administrative costs.

So ordered.

Justice Stein wishes to be recorded as concurring in the result.

*For disbarment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

## ORDER

It is ORDERED that KENNETH H. BRESLOW of NEW YORK, who was admitted to the bar of this State in 1967, and who was temporarily suspended from the practice of law by Order of this Court on November 2, 1983, be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that KENNETH H. BRESLOW be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that KENNETH H. BRESLOW comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with disbarred attorneys; and it is further

ORDERED that KENNETH H. BRESLOW reimburse the Ethics Financial Committee for appropriate administrative costs.